UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
CLERK FILED
2006 APR 20 PM 2:40
NORTHERN DISTRICT OF OHIO
CLEVELAND

| | |
|---|---|
| In re: | Case No. 04-16812 |
| LASHAN RAYMON PITTMAN,<br>    Debtor. | Chapter 7 |
| | Adversary Proceeding No. 04-1472 |
| TOYOTA MOTOR CREDIT CORP.,<br>    Plaintiff, | Judge Arthur I. Harris |
| v. | |
| LASHAN RAYMON PITTMAN,<br>    Defendant. | |

MEMORANDUM OF OPINION

Before the Court is the unopposed motion for summary judgment of plaintiff-creditor Toyota Motor Credit Corporation (Toyota). Toyota alleges that the defendant-debtor, Lashan Raymon Pittman, leased or purchased five vehicles from July 2001 to April 2004 and that he obtained loans from Toyota in each of the five transactions by completing fraudulent credit applications. Toyota asks this Court to issue a judgment on the total loan deficiency balance and to find this debt nondischargeable based on the debtor's alleged fraud and misrepresentations during the loan application process. For the reasons that follow, Toyota's unopposed motion for summary judgment is granted. The Court will enter a money judgment on the total loan deficiency of $47,262.49 and find this debt nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).

## JURISDICTION

Determinations of dischargeability are core proceedings under 28 U.S.C. § 157(b)(2)(I). In addition to determining a debt's nondischargeability, the bankruptcy court may also render money judgment as to the amount of unliquidated debt. *See In re McLaren*, 3 F.3d 958, 966 (6th Cir. 1993). The Court has jurisdiction over core proceedings under 28 U.S.C. §§ 1334 and 157(a) and Local General Order No. 84, entered on July 16, 1984, by the United States District Court for the Northern District of Ohio.

## PROCEDURAL AND FACTUAL BACKGROUND

On May 29, 2004, the debtor filed a Chapter 7 petition. In his schedules, the debtor listed two debts resulting from loans obtained from Toyota. On September 3, 2004, Toyota filed an adversary complaint alleging that the debtor owes Toyota over $47,000 for five defaulted vehicle loans and that the entire debt is nondischargeable under 11 U.S.C. § 523(a)(2). After receiving an extension of time to respond, the debtor filed an answer on October 26, 2004, generally denying the allegations. On January 4, 2005, Toyota filed an amended complaint, and on March 1, 2005, the debtor filed his answer to the amended complaint.

The amended complaint alleges that the debtor leased or purchased five vehicles from Toyota during the period of July 2001 through April 2004. Toyota

2

provided financing to the debtor for each of the five transactions, and the debtor completed a credit application each time. Toyota alleges that the debtor gave false information on the credit applications. Specifically, the debtor recorded five different social security numbers and four different residential addresses on the applications. The amended complaint also states that there is a total amount due and owing of $47,262.49 as of the petition date. Toyota requests a determination that the debt is nondischargeable under the subsections 11 U.S.C. § 523(a)(2)(A) and (B). Toyota also asks for a judgment in the amount due and owing.

Trial was originally scheduled for October 26, 2005. On September 12, 2005, the Court held a pre-trial conference, and counsel for both parties indicated that they would submit a joint status report with new suggested discovery and dispositive motion deadlines. On October 5, 2005, Toyota submitted its own status report indicating that it had been unable to contact opposing counsel for input on the proposed deadlines. On February 22, 2006, Toyota filed a motion for summary judgment. The debtor has not filed an opposition, and the Court is now ready to rule.

## DISCUSSION

### *Summary Judgment Standard*

Federal Rule of Civil Procedure 56(c), as made applicable to bankruptcy proceedings by Bankruptcy Rule 7056, provides that a court shall render summary judgment

> if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

The party moving the court for summary judgment bears the burden of showing that "there is no genuine issue as to any material fact and that [the moving party] is entitled to judgment as a matter of law." *Jones v. Union County*, 296 F.3d 417, 423 (6th Cir. 2002). *See generally Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party meets that burden, the nonmoving party "must identify specific facts supported by affidavits, or by depositions, answers to interrogatories, and admissions on file that show there is a genuine issue for trial." *Hall v. Tollett*, 128 F.3d 418, 422 (6th Cir. 1997); *see, e.g., Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986) ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."). In

4

determining the existence or nonexistence of a material fact, a court will view the evidence in a light most favorable to the nonmoving party. *See Tennessee Dep't of Mental Health & Mental Retardation v. Paul B.*, 88 F.3d 1466, 1472 (6th Cir. 1996).

Federal Rule of Civil Procedure 56(e) provides:

> Where a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

*See also Celotex Corp.*, 477 U.S. at 324 ("[R]ule 56(e) therefore requires the nonmoving party to go beyond the pleadings and by her own affidavits or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing there is a genuine issue for trial.'") (citation omitted).

*Dischargeability Under 11 U.S.C. § 523(a)(2)(A) and (B)*

Toyota asserts that the debt is nondischargeable under subsections 523(a)(2)(A) and (B) of the Bankruptcy Code. Section 523 provides in pertinent part:

> (a) A discharge under section 727. . . of this title does not discharge an individual debtor from any debt –

5

> . . . .
> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by –
> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;
> (B) use of a statement in writing –
> (i) that is materially false;
> (ii) respecting the debtor's or an insider's financial condition;
> (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and
> (iv) that the debtor caused to be made or published with intent to deceive . . . .

These subsections implement the strong bankruptcy policy of permitting only an honest debtor to receive a discharge of his or her debts. *See Cohen v. de la Cruz*, 523 U.S. 213, 217-18 (1998).

These subsections are complementary. In *Field v. Mans*, 516 U.S. 59, 64-66 (1995), Justice Souter, writing for the Court, recounted the evolution of these statutory provisions and their historic antecedents. He then concluded:

> The sum of all this history is two close statutory companions barring discharge. One applies expressly when the debt follows a transfer of value or extension of credit induced by falsity or fraud (not going to financial condition), the other when the debt follows a transfer or extension induced by a materially false and intentionally deceptive written statement of financial condition upon which the creditor reasonably relied.

516 U.S. at 66. Thus, whether a debt's dischargeability is analyzed under

6

subsection (a)(2)(A) or (a)(2)(B) depends on whether the falsity of fraud involves a statement "respecting the debtor's or an insider's financial condition." If the falsity or fraud does not involve "a statement respecting the debtor's or an insider's financial condition," then subsection (a)(2)(A) applies; however, if the falsity or fraud does involve a statement "respecting the debtor's or an insider's financial condition," then subsection (a)(2)(B) applies. Although the two subsections share many of the same elements of proof, subsection (a)(2)(B) requires that the false statement be "in writing" and one on which the creditor "reasonably relied." *See, e.g., Field v. Mans*, 516 U.S. at 74 (adopting "justifiable reliance" as an element under subsection (a)(2)(A) as distinguished from the "reasonable reliance" element under subsection (a)(2)(B)).

As the Second Circuit noted in *In re Bogdanovich*, 292 F.3d 104, 112 (2d Cir. 2002), courts are sharply split in determining whether a statement relates to a debtor's financial condition.

> Two views have emerged over how to interpret the scope of § 523(a)(2)(A)'s exception. A broad interpretation would include any statement that reflects the financial condition of the debtor. On the other hand, a narrow interpretation would find that a statement relates to financial condition only when it provides information "as to [a debtor's] overall financial health."

292 F.3d at 112-13 (collecting cases, including *In re Redburn*, 202 B.R. 917, 927-

28 (Bankr. W.D. Mich. 1996)). In *Bogdanovich*, the Second Circuit determined that to resolve the case before it, it need not decide whether to adopt a broad or narrow interpretation of "statement respecting the debtor's . . . financial condition." *See* 292 F.3d at 113. Similarly, to resolve the current adversary proceeding, this Court need not decide whether to adopt a broad or narrow interpretation of "statement respecting the debtor's . . . financial condition." Under either a broad or narrow interpretation, Pittman's use of allegedly false social security numbers, names, and addresses on his credit applications with Toyota does not constitute a "statement respecting the debtor's . . . financial condition." Rather, such statements respect the debtor's true identity. And while it may be true that these allegedly false statements were intended to keep Toyota from discovering the debtor's true financial condition, the mere use of identifiers such as the debtor's social security number, name, and address, is not a statement respecting the debtor's financial condition. *Cf. Teachers Credit Union v. Johnson*, 131 B.R. 848, 853 (Bankr. W.D. Mo. 1991) (finding debt nondischargeable under subsection (a)(2)(B) where written credit application omitted the mortgage debt on residence and also included an incorrect social security number). That these statements were part of an application for an extension of credit is irrelevant since, by definition, both subsections (a)(2)(A) and (a)(2)(B) address the

8

nondischargeability of debts "for money, property, services, *or an extension, renewal, or refinancing of credit.*" In short, the Court believes that subsection 523(a)(2)(A) is the proper subsection for analyzing Toyota's claim of nondischargeability based upon Pittman's use of allegedly false social security numbers, names, and addresses.

In order to except a debt from discharge under section 523(a)(2)(A),

> [A] creditor must prove the following elements: (1) the debtor obtained money through a material misrepresentation that, at the time, the debtor knew was false or made with gross recklessness as to its truth; (2) the debtor intended to deceive the creditor; (3) the creditor justifiably relied on the false representation; and (4) its reliance was the proximate cause of loss.

*Rembert v. AT & T Universal Card Servs. (In re Rembert)*, 141 F.3d 277, 280-81 (6th Cir. 1998). In determining whether fraudulent conduct exists under subsection 523(a)(2)(A), a court is to consider all relevant and properly admissible evidence that could possibly lead to an inference of fraud. *See Fowler Bros. v. Young*, 91 F.3d 1367, 1375 (10th Cir. 1996).

The elements of subsection 523(a)(2)(A) have been met in this case. The debtor made false representations in completing the credit applications. The debtor has admitted to completing these applications, and Toyota has submitted copies of the credit applications to the Court. The credit applications contain

9

various spellings of the debtor's name and four different addresses. There is also a different social security number on each application, and none of the social security numbers matches the number that the debtor recorded on his Chapter 7 petition. The debtor knew or should have known that Toyota would use the social security numbers to check the debtor's credit history and use the information in making its decision to extend credit. *See, e.g., In re Rebarchek*, 293 B.R. 400, 407 (Bankr. N.D. Ohio 2002) (stating that a false representation is said to occur when a debtor knows, or should have known, that his representation would induce another to advance money).

In determining whether the debtor intended to deceive Toyota, a "bankruptcy court is to consider all the relevant facts and circumstances of the case, as it is highly unlikely that a debtor will ever actually admit he knowingly intended to deceive a creditor." *In re Orisine*, 254 B.R. 184, 188 (Bankr. N.D. Ohio 2000) (quoting *In re Grause*, 245 B.R. 95, 99 (8th Cir. 2000)). By reviewing the relevant facts and circumstances, the court must determine whether it is "more probable than not" that the debtor had the requisite fraudulent intent. *In re Grause*, 245 B.R. at 102. The debtor's pattern of using incorrect social security numbers is strong evidence of his intent to provide Toyota with false identifying information. The false information resulted in Toyota's inability to gather

10

accurate information respecting the debtor's financial condition. Thus, these "badges of fraud" support the inference of fraudulent intent.

"In addition to showing intent to defraud, an action brought under § 523(a)(2)(A) also requires establishing that the creditor relied upon the misrepresentation. For purposes of § 523(a)(2)(A), the Supreme Court has held that a creditor's reliance need only be justifiable, not reasonable." *In re Bethel*, 302 B.R. 205, 209 (Bankr. N.D. Ohio 2003) (citing *Field v. Mans*, 516 U.S. 59 (1995)). Justifiable reliance requires a showing that the creditor acted appropriately "according to his individual circumstances." *Id.* (citation omitted).

Here, the affidavit provided by a representative of Toyota attests to the usual procedure that is followed in the credit extension process. This procedure involves checking the social security number that has been listed on the credit application to determine if there is a prior credit history with Toyota. In this case, no prior relationship was discovered because the debtor provided a different social security number for each application. Toyota justifiably relied on the information provided by the debtor in deciding to extend credit to the debtor. Therefore, the debts owing to Toyota are nondischargeable under 11 U.S.C. § 523(a)(2)(A).

To the extent that a reviewing court were to determine that subsection 523(a)(2)(B) is the proper subsection for analyzing Toyota's claim of

11

nondischargeability, the ultimate result would be unchanged. Although subsection 523(a)(2)(B), unlike subsection (a)(2)(A), requires that the statement be "in writing" and one on which the creditor "reasonably relied," the record in this case indicates that no genuine issue of material fact exists as to either of these two elements. Mazzaro Aff. ¶¶ 3, 6.

*Toyota's Request for a Specific Money Judgment*

In addition to determining a debt's nondischargeability, a bankruptcy court may also render a money judgment as to the amount of unliquidated debt. *See In re McLaren*, 3 F.3d at 966. In order for the Court to award a specific money judgment as to a previously unliquidated debt, the plaintiff must allege a claim for such relief in its adversary complaint pursuant to Bankruptcy Rule 7008 and Rule 8 of the Federal Rules of Civil Procedure. If the adversary complaint alleges a claim for relief that only requests a determination that an unliquidated debt be deemed nondischargeable, then there is no claim for relief upon which a court may award a money judgment.

In the present case, Toyota's amended complaint contains ten claims for relief alleging that certain debts are excepted from discharge under various subsections of 11 U.S.C. § 523. The same legal arguments that would establish nondischargeability under 11 U.S.C. § 523(a)(2)(A) would presumably also make

out a claim for a specific money judgment. Yet, the complaint contains no separate claims for relief seeking a money judgment based upon breach of contract, fraud, or some other legal theory. Nevertheless, the Court acknowledges that the amended complaint does include a demand for judgment that seeks a money judgment, prepetition interest, costs, and attorney fees. Under these circumstances, the Court will construe the amended complaint and summary judgment motion as claiming that Toyota is entitled to a money judgment for the amount due and owing on the loans, particularly since it is undisputed that $47,262.49 is the amount due and owing on the loans. Under 28 U.S.C. § 1961, Toyota is also entitled to post-judgment interest at the federal post-judgment interest rate. On the other hand, the summary judgment motion does not explain under what legal theory Toyota would be entitled to an award of prepetition interest and/or attorneys fees from the bankruptcy court. Therefore, the Court declines to include any such award in its judgment. Plaintiff's request for prepetition interest and attorney fees will be the subject of further proceedings only if plaintiff notifies the Court in writing within the next twenty days that it wishes to pursue such proceedings.

13

04-01472-aih    Doc 39    FILED 04/20/06    ENTERED 04/20/06 14:50:42    Page 13 of 14

## CONCLUSION

For the foregoing reasons, plaintiff's unopposed motion for summary judgment is granted. The Court enters judgment in favor of Toyota Motor Credit Corp. and against Lashan Raymon Pittman in the amount of $47,262.49, with interest from the date of the judgment at the rate provided under 28 U.S.C. § 1961. This debt is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A). Plaintiff's request for prepetition interest and attorney fees will be the subject of further proceedings only if plaintiff notifies the Court in writing within the next twenty days that it wishes to pursue such proceedings. Absent modification of the judgment by further order, each party shall bear its own costs and attorney fees.

A separate judgment shall be entered in accordance with this Memorandum of Opinion.

IT IS SO ORDERED.

Arthur I. Harris
United States Bankruptcy Judge

14